**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BABCOCK & WILCOX COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>THE KANSAS CITY SOUTHERN<br>RAILWAY COMPANY and NORFOLK<br>SOUTHERN RAILWAY COMPANY,<br><br>                    Defendants. | Civ. No. 06-6015 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

HILL, RIVKINS & HAYDEN, LLP
James A. Saville, Jr.
Andrew Robert Brown
175 North Broadway
South Amboy, NJ 08879-1638
(732) 838-0300

    *Attorneys for Plaintiff,*

KEENAN COHEN AND HOWARD, PC
Chad D. Mountain
One Pitcairn Place
165 Township Line Road
Suite 2400
Jenkintown, PA 19046

    *Attorneys for Defendants.*

**DEBEVOISE, Senior District Judge**

On May 9, 2006, plaintiff, The Babcock & Wilcox Company ("Plaintiff"), filed a complaint (the "Complaint") against defendants Kansas City Southern Railway Company ("KCSR") and Norfolk Southern Railway Company ("NSR," collectively the "Defendants") seeking damages for breach of contract. On September 20, 2007, Defendants filed this motion (the "Motion") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction. On November 5, 2007, Plaintiff filed a cross-motion (the "Cross-Motion") for summary judgment. For the reasons set forth below, the Motion will be denied, the Cross-Motion will be granted and judgment will be entered in favor of the Plaintiff.

## I. BACKGROUND

Plaintiff is a manufacturer of power generation equipment, including steam boilers, which it ships to customers across the United States. (Pl's Br. at 1). On October 12, 2004, Plaintiff and KCSR entered into a railroad contract of carriage, called KCS QB 34304 (the "Contract") which was to be effective until September 30, 2005. (J. Stip. ¶ 6.) The Contract called for shipment of steel power boilers from Plaintiff's West Point, Mississippi facility to New York Presbyterian Hospital via Newark, New Jersey, and incorporated KCSR Tariff 9011 for rates and additional terms. (Id. ¶ 7.) The Contract included a provision limiting liability to "$25,000 per VESSEL," and several other basic terms, such as "[q]uote number must be specified on the bill of lading." (Contract at 1). The parties have stipulated that the tariff provided the Plaintiff with a nine month window, beginning on the expected date of delivery, in which to file a written loss and damage claim. (J. Stip. ¶ 8)

On November 19, 2004, Defendants received Plaintiff's freight in good order and condition, and transported it to Newark, New Jersey. (Id. ¶ 2.) Plaintiff alleges that Defendants caused $42,814.48 damage to the boiler "by sideswiping it with another train at the Oak Island rail yard" on December 15, 2004. (Pl.'s Br. at 1-2.) There is no dispute that the Defendants did not deliver the freight in good order and condition. (J. Stip. ¶ 3.) Pursuant to the Contract, the parties have stipulated that if Defendants are found to be liable for the damage to the boiler, the amount of the damages owed to Plaintiff will be $25,000. (Id. ¶ 4.)

Defendants argue that the Contract's loss and damage claim requirement was never satisfied. Plaintiff argues that the requirement was satisfied by various communications to sent by Plaintiff to Defendants, including letters and emails beginning on December 16, 2004. (Pl.'s Br. at 2.) On December 20, 2004, Plaintiff sent a letter to J.W. Cappy containing details regarding the freight and damage, but not including an estimate of the damage. Defendants responded by indicating that the letter did not comply with the Code of Federal Regulations (the "CFR") and that "no handling of the matter can be undertaken until such time as a proper complaint is filed." On January 5, 2005, Plaintiff sent another letter to Defendants containing an estimate of the amount of the damages, but Defendants contend that the letter failed to comply with the requirements of the CFR.

Plaintiff further alleges that it sent an April 29, 2005 letter, addressed to NSR's Customer Service Center in Atlanta, Georgia, containing a loss and damage claim. Defendants claim not to have received the letter, although Plaintiff's records indicate that the letter was sent. Defendants admit that the letter, if received, may have been discarded, but contend that a jury could reasonably find that the letter was never sent..

## II.  DISCUSSION

The two issues presented involve the Carmack Amendment to the Interstate Commerce Act, 49, U.S.C. § 11706 (section "11706"), which imposes liability on common carriers for damages and losses to goods caused by the carrier in interstate shipment.  S & H Hardware & Supply Co. v. Yellow Transp., Inc.  432 F.3d 550, 551 (3d Cir. 2005).  The first issue before the court is whether this dispute is subject to the authority of § 11706, and therefore subject to the jurisdiction of the court.  The second issue is whether Plaintiff is entitled to summary judgment under § 11706, despite Defendants' claim that Plaintiff did not receive a written notice of claims and damages as required by § 11706.

**A.  Defendants' Motion to Dismiss**

Defendants move to dismiss the complaint for want of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff's claims do not give rise to a federal question.  Defendants contend that the content and language of the Contract bring it within the purview of the Staggers Act, 49 U.S.C. § 10709 (section "10709").  If the parties have indeed invoked § 10709, then the remedies set forth in § 11706 are not available since, under the § 10709, "[a] party to a contract entered into under this [Act] shall have no duty in connection with services provided under such contract other than those duties specified by the terms of the contract."  49 U.S.C.A. § 10709(b).  Since § 10709 does not provide an independent basis of federal jurisdiction, and since there would be no "federal question" which would confer jurisdiction under 28 U.S.C. § 1331, the court would have subject matter jurisdiction only if the diversity requirements of 28 U.S.C. 1332(a) are met.  Assuming diversity of citizenship, the court would have jurisdiction over such a state-law action only if the amount in controversy exceeded

4

$75,000, and, here, it is undisputed that the amount in controversy is much less than $75,000. By contrast, the court does have subject matter jurisdiction over any claims brought under § 11706, if, as in the case at bar, the amount in controversy exceeds $10,000. 28 U.S.C. 1337(a).

Section 11706 "provides the exclusive remedy against an interstate common carrier for breach of a contract of carriage." Travelers Property Cas. Co. of America v. A.D. Transport Express, Inc., 2007 WL 2571957 (D.N.J. 2007) citing 49 U.S.C. § 11706 (1995). In spite of section 11706, carriers and shippers may invoke § 10709 under which the parties "may enter into a contract . . . under specified rates and conditions." Since the purpose of § 10709 "is to allow parties the ability to alter federal mandates, or to avoid federal control and oversight over rail contracts," one would expect to find at least an implicit indication in such a contract of the parties' intention to invoke § 10709. American Rock Salt Co., LLC v. Norfolk Southern Corp., 180 F.Supp.2d 420, 425 (W.D.N.Y. 2001); Dow Chem. Co. v. Union Pac. Corp., 8 F.Supp.2d 940, 941 (S.D.Tex. 1998). In this case, there is no evidence suggesting that the parties had any intention of invoking § 10709.

It has been held that in order to invoke section 10709, a contract must specifically incorporate the same. Schoenmann Produce Co. v. Burlington Northern and Santa Fe Ry. Co., 420 F.Supp.2d 757, 758-9 (S.D.Tex. 2006). There was no such explicit reference in the Contract; however, Defendants argue that, even absent specific language, it is clear from the Contract's content the agreement was designed to invoke section 10709. During the December 3, 2007 oral argument, Defendants argued that the Contract includes provisions departing substantively from the regulatory spirit of § 11706; however, Defendants did not raise any specific material distinctions--such as a change in the liability requirements of regulations

5

promulgated pursuant to § 11706–which would indicate a preference for section 10709.

The general objective of § 11706 is to impose full liability on carriers for the loss of shipped goods, and to regulate the extent to which such liability may be contracted away. Emerson Elec. Supply Co. v. Estes Express Lines Corp., 451 F.3d 179, 186 (3d Cir. 2006). . See Hoskins v. Bekins Van Lines, 343 F.3d 769, 778 (5th Cir. 2003).  A carrier wishing to include in a contract a liability limitation may do so without violating § 11706 as long as certain conditions are met, none of which are raised here by Defendants.  Emerson Elec. Supply Co. v. Estes Express Lines Corp., 451 F.3d 179, 188 (3d Cir. 2006).  In fact, Defendants' arguments as to the substance of the matter focus exclusively on whether Plaintiff satisfied the liability claim requirements of section 11706.  Although the parties here have not provided the court with a copy of all of the materials incorporated into the Contract, Defendants do not dispute the validity, under § 11706, of the Contract's liability limitations.  The court finds no other evidence of an intention of the parties, at the time of execution of the Contract, to invoke § 10709.

I conclude that, because of the dearth of evidence of an intention of the parties to invoke § 10709, it was not invoked by the Contract, and does not apply in this case[1].  Thus, the remedies for damages provided by § 11706 are available to the parties.  The court finds jurisdiction pursuant to 28 U.S.C. § 1337(a), and the Defendants' motion to dismiss must be denied.

---

[1] The Courts of Appeals have yet to offer guidance as to what characteristics a private contract must contain in order to be construed as one invoking § 10709.  See San Luis Central R. Co. v. Springfield Terminal Ry. Co., 369 F.Supp.2d 172, 177, n. 5 (D.Mass. 2005)

**B. Plaintiff's Cross-Motion for Summary Judgment**

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

Before considering the merits of a section 11706 claim, the court must determine whether Plaintiff properly filed a notice of loss or damage with the carrier within the time specified.  S & H Hardware & Supply Co. v. Yellow Transp., Inc., 432 F.3d 550, 554 (3d Cir. 2005).  The implementing regulations of § 11706 require, as a condition of recovery, that the consignee of the goods give notice to the carrier of damages or losses within the period of time specified by the bill of lading governing the terms of shipment between the parties, of not less than nine months.  See 49 C.F.R. § 1005.2(a).  Here, the parties have stipulated that the claim period was nine months.  (J. Stip. ¶ 8)

The Court of Appeals, in S & H Hardware & Supply Co. v. Yellow Transp., Inc., explained that "[c]ourts have construed the written claim requirement liberally . . . and the

standard for determining sufficiency is one of substantial performance.  432 F.3d 550, 554 (3d Cir. 2005), citing Ins. Co. of N. Am. v. G.I. Trucking Co., 1 F.3d 903, 906 (9th Cir. 1993) and Trepel v. Roadway Express, 194 F.3d 708, 712-3 (6th Cir. 1999).  While neither a showing of oral nor actual notice is sufficient, a writing satisfies the requirement if it indicates to the carrier that payment would be disputed and provides an estimate of damages.  Id. at 555.

In this case, the January 5, 2005 letter provided written notice apprising Defendants that payment would be disputed and gave an estimate of the damages.  Defendants argue that there remains a factual dispute as to whether Plaintiff sent an April 29, 2005 letter; however, since the January 5, 2005 letter substantially satisfies the requirements of 49 C.F.R. § 1005.2(a), any factual dispute regarding the April 29, 2005 letter is immaterial.

Since notice was properly given, the court now reaches the merits.  To establish a prima facie case against a common carrier under section 11706, a plaintiff must prove the following three elements: "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages." Beta Spawn, Inc. v. FFE Transportation Services, Inc., 250 F.3d 218, 223 (3d Cir. 2001).  Here, these elements, as Plaintiff argues and Defendants do not contest, are satisfied.  The parties stipulated that the freight was received by Defendants in good order and condition, but upon delivery was not in good order and condition.  (J. Stip. ¶ 2-3.)  The parties have agreed upon the amount of damages.  (Id. ¶ 4.)

There being no material issues of fact, the court will grant Plaintiff's Cross-Motion for summary judgment.

### III.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss with be denied, Plaintiff's Cross-Motion for summary judgment will be granted, and judgment will be entered in favor of the Plaintiff against the Defendant in the amount of $25,000.  The court will enter an order implementing this opinion.

                                              /s/ Dickinson R. Debevoise
                                              DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:  December 14, 2007